**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBERT MURRELL,**

      **Plaintiff,**

vs.                                               Case No. 6:01-cv-986-Orl-19KRS

**UNITED STATES OF AMERICA,**

      **Defendant.**

_____

**ORDER**

This case comes before the Court on the following:

1. Motion to Dismiss and Memorandum in Support, filed by Defendant United States of America on March 6, 2007; (Case No. 6:07-cv-293, Doc. No. 3);

2. Supplemental Memorandum of Law in Support of United States' Motion to Dismiss, filed by Defendant on March 9, 2007; (Doc. No. 9);

3. Notice of Erroneous/Void Removal, filed by Plaintiff Robert Murrell on March 15, 2007; (Doc. No. 11);

4. Response in Opposition to Plaintiff's Notice of Void Removal, filed by Defendant on March 28, 2007; (Case No. 6:01-cv-986, Doc. No. 23); and

5. Motion for Relief from Case Management Reporting Requirements and to Stay Discovery and Memorandum in Support, filed by Defendant on April 30, 2007.  (Doc. No. 24).

**Background**

The instant case was removed to this Court on March 1, 2007 and was consolidated into the instant case number, 6:01-cv-986-Orl-19KRS, on March 19, 2007.  (*See* Case No. 6:07-cv-293, Doc. Nos. 1 & 13).  In the Complaint, Plaintiff Robert Murrell, appearing *pro se*, alleges that Defendant filed a fraudulent lien against him and seeks cancellation of the alleged claim of lien, injunctive relief, and damages.  (*See generally* Doc. No. 2, filed on March 1, 2007).  Plaintiff further alleges in the Complaint that his claim is not removable to the United States District Court, and that removal of the instant case to federal court is erroneous or void for "lack of substance."  (*Id*. at p. 4; Doc. No. 11, p. 1).

Defendant seeks to dismiss the instant action, arguing that the Court lacks subject matter jurisdiction and that Plaintiff has failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12.  (*See generally* Doc. Nos. 3 & 9).  Defendant also moves the Court for a stay of discovery and reporting requirements until the Court rules on the motion to dismiss and the notice of void removal.  (Case No. 6:01-cv-986; Doc. No. 24).

**Standard of Review**

**A.  Subject Matter Jurisdiction**

Under Federal Rule of Civil Procedure 12(b)(1), a party can bring either a facial or a factual challenge to a court's subject matter jurisdiction.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir.1990).  In a facial challenge, a court assumes all of a plaintiff's allegations are true and determines whether a plaintiff has alleged a sufficient basis for subject matter jurisdiction.  *Id*. at 1529.  In a factual challenge, a court must determine if it

has power to hear the case. *Id*. A court is not required to assume a plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims. *Id*.

The United States Court of Appeals for the Eleventh Circuit has cautioned that it is difficult to dismiss a claim for lack of subject matter jurisdiction. *See Simanonok v. Simanonok*, 787 F.2d 1517, 1519 (11th Cir. 1986). "[T]he test is whether the cause of action alleged is so patently without merit as to justify ... the court's dismissal for want of jurisdiction." *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 70 (1978). In order to justify dismissal for want of subject matter jurisdiction, the movant must show that the opposing party's assertion is "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974); *see also Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)[1] (claim cannot be dismissed for lack of subject matter jurisdiction unless it "has no plausible foundation or is clearly foreclosed by a prior Supreme Court decision").

### B.  Failure to State a Claim

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.*,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit.

21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. *Fed R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Pro se* pleadings are governed by less stringent standards than counseled pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**Analysis**

**A. Removal**

There is no valid legal basis for Plaintiff's challenge to the removal of the case at bar to federal court. In the Complaint, Plaintiff asserts that jurisdiction is proper under 28 U.S.C. Section 2410. For this reason alone, the instant case is removable to federal court under the express language of 28 U.S.C. Section 1444. 28 U.S.C. § 1444. Furthermore, as the Complaint alleges the subject matter of the suit arises from the filing of a federal tax lien, federal court jurisdiction is also proper under federal statutes which permit removal for any action against the United States on account of any right or authority claimed by Congress for the collection of revenue. 28 U.S.C. §§ 1441; 1442(a)(1). Thus, the Court rejects Plaintiff's notice of void removal as without merit.

**B. Motion to Dismiss**

Plaintiff's Complaint must be dismissed for want of subject matter jurisdiction. In the instant case, Defendant raises a facial challenge to jurisdiction, arguing that Plaintiff's

allegations demonstrate that subject matter jurisdiction is lacking in the case at bar. The Court agrees. First, the allegations of the Complaint fail to allege that the United States, as Defendant, has consented to be sued or waived sovereign immunity. A party bringing suit against the United States must identify a specific statutory provision waiving sovereign immunity; this is because such waiver must be unequivocally expressed in the statutory text to be enforceable. *E.g., Lane v. Pena*, 518 U.S. 187, 192 (1996).

Congress has waived sovereign immunity for certain actions seeking damages incurred from the filing of a federal tax lien only through Sections 7432 (action for failure to release a tax lien) and 7433 (action for unauthorized tax collection activities) of the Internal Revenue Code. *See* 26 U.S.C. §§ 7432, 7433. In addition to failing to aver that either of these statutes are applicable to the instant case, Plaintiff has failed to allege that he has exhausted his administrative remedies before filing suit. A damages action under Section 7432 or Section 7433 is permitted only after the plaintiff has exhausted applicable administrative remedies. *Venen v. U.S.*, 38 F.3d 100, 102-03 (3d Cir. 1994); *Shaw v. United States*, 20 F.3d 182, 183-84 (5th Cir. 1994). For these reasons, the Complaint must be dismissed.

In addition, dismissal is also warranted because Plaintiff alleges that the lien in question can be discharged solely under Section 713.21, Florida Statutes, a portion of Florida's Construction Lien Law. (Case No. 6:07-cv-293, Doc. No. 2, p. 2). However, this statute does not empower a Court to discharge or cancel a federal tax lien; federal tax liens may be released only pursuant to federal law. *E.g., Christiansen v. I.R.S.*, No. 6:01-cv-74-Orl-18KRS, 2001 WL 34113853, at *1 (M.D. Fla. Apr. 16, 2001). Thus, the Court will grant

Defendant's Motion to Dismiss.[2]

### C. Motion to Stay

The United States also moves the Court for a stay of discovery and reporting requirements until the Court rules on the motion to dismiss and the notice of void removal. (Case No. 6:01-cv-986; Doc. No. 24). This request is denied as moot, as the Court has ruled on Defendant's Motion to Dismiss and Plaintiff's and Notice of Void Removal.

### Conclusion

Based on the foregoing, the Motion to Dismiss and Memorandum in Support, filed by Defendant United States of America on March 6, 2007, (Doc. No. 3), is **GRANTED**. The Notice of Erroneous/Void Removal, filed by Plaintiff Robert Murrell on March 15, 2007, (Doc. No. 11), is **DENIED**. The Motion for Relief from Case Management Reporting Requirements and to Stay Discovery and Memorandum in Support, filed by Defendant on April 30, 2007, (Doc. No. 24), is **DENIED as moot**. This case is dismissed. The Clerk shall close the file.

**DONE and ORDERED** in Chambers in Orlando, Florida this 25th day of May, 2007.

---

[2] As the Court has already identified several reasons why dismissal is required in the instant case, the Court need not consider the United States' alternative arguments that anti-injunction act precludes the relief requested by Plaintiff, that the relief sought in Complaint is barred by the Declaratory Judgment Act, or that Plaintiff's claims may be barred by the doctrine of *res judicata*. (*See* Doc. No. 3, pp. 3-5; Doc. No. 9).

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

Unrepresented Party